## MARTIN v. HIDALGO COUNTY. (No. 7328.)

(Court of Civil Appeals of Texas. San Antonio. March 25, 1925. Rehearing Denied April 22, 1925.)

1. **Counties** ⊂⟹196(1)—**Taxpayer, who was not attorney at law, had no right to represent persons whose right to appear in suit rested upon his assertions alone.**

Under Acts 38th Leg. (1923) c. 128, authorizing issuance of bonds by counties for improvement of streams to prevent overflow, etc., and proceedings in rem under Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918 and Vernon's Ann. Civ. St. Supp. 1922, art. 5107—1 et seq., and specifically article 5107—61, Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1922, to determine the validity of such bonds, taxpayer, who is not an attorney at law, could intervene in such proceedings in his own behalf, but could not represent persons whose right to appear therein rested on his assertions alone.

2. **Constitutional law** ⊂⟹68(4)—**Legislative determination of existence of great public calamity in county is conclusive on courts.**

Legislative determination of the existence of a great public calamity in a county, within the constitutional provision permitting the Legislature to exempt a county in such case from taxation, is conclusive on courts.

3. **Statutes** ⊂⟹68—**Laws authorizing issuance of bonds by counties for reclamation and irrigation purposes held constitutional.**

Acts 38th Leg. (1923) c. 128, authorizing the issuance by counties of bonds for reclamation and irrigation purposes, *held* general and not special, and not obnoxious to the Constitution.

Appeal from District Court, Hildalgo County; L. J. Polk, Judge.

Suit by Hildalgo County against W. A. Keeling, as Attorney General, in which A. E. Martin intervened. From the judgment rendered, intervener appeals. Affirmed.

A. E. Martin, of Weslaco, in pro. per.

A. W. Cameron, of Edinburg, and Glasscock & Leslie, of McAllen, for appellee.

FLY, C. J. Alleging that it was acting under and by virtue of the authority granted by the Thirty-Eighth Legislature, in chapter 128, Acts of the Regular Session of 1923, p. 264, of General Laws of such Legislature, appellee, on July 30, 1924, filed its petition to determine the validity of certain bonds amounting in the aggregate to $1,620,000, bearing interest at 6 per cent. per annum, the proceeds to be used for the improvement of rivers, creeks, and streams to prevent overflow, the issue of which had been approved by the voters of Hidalgo county by a vote of 3,252 for, to a vote of 1,064 against. The Attorney General, W. A. Keeling, was named as defendant. The Attorney General of Texas answered by general demurrer and general denial on August 22, 1924. On August 30, 1924, the appellant, A. E. Martin, describing himself as a taxpayer, qualified voter, and citizen of Hildalgo county, and claiming to represent 135 taxpayers, as well as himself, and claiming that all of them had been cited by a notice published in a county paper to appear and answer in the cause as codefendants of the Attorney General, filed an answer covering over 20 pages of the transcript. In that answer he assails the authority of the county to institute the suit or to cite him to appear and answer the same, and attempted to raise various constitutional questions as to the validity of the suit, the bond issue, as to a decree in another action, as to the validity of certain

acts of the Legislature, and as to the constitutionality of the law exempting Hidalgo county for a term of years from taxation. After filing this answer, appellant proceeded to file another 30-page answer, which he claims was filed under instruction of the court.

The judgment recites that appellant, designated as intervener, demanded a jury, and a verdict was instructed for appellee, and it is decreed:

"It appearing to the court that this cause has been regularly filed; that the Attorney General was furnished a full transcript of the proceedings had in connection with the issuance of the bonds described in the petition herein, and waived service of notice of the pendency of this action; that a general notice was regularly issued and published once each week for two consecutive weeks, in a newspaper of general circulation published in Hidalgo county, Tex., giving notice of this action as provided by law, the same having been so published in full compliance with law prior to the return day thereof; and that defendant W. A. Keeling, Attorney General of Texas, had duly answered herein; and that lawful and regular proceedings have been had and taken by Hidalgo county as prerequisite to the legal issuance of the bonds involved in this suit, and the jury having returned into court its verdict, 'We the jury find for the Plaintiff', and said verdict was accepted by the court. It is therefore ordered by the court that the law and the facts of this cause are with the plaintiff, and that the bonds of said Hidalgo County, as described in plaintiff's petition and as hereinafter described, are legal and binding obligations upon said Hidalgo county, Tex."

The costs were assessed against the county. Section 11 of the Act of 1923 provides that any county desiring to issue bonds by virtue of the act "shall bring an action in the district court of such county, or in the district court of Travis county, to determine the validity of such bonds" under the provisions of chapter 2, tit. 73, Complete Tex. St. 1920. In article 5107—61, Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1922, it is provided that such action shall be in the nature of a proceeding in rem, and that jurisdiction of all parties interested may be had by publication of a general notice thereof in a county paper, and that a notice shall be served on the Attorney General as in civil suits. No provision is made in regard to an answer on the part of the Attorney General or any one else, and it is provided that the attorney general may waive service when furnished a full transcript of the proceedings in regard to the formation of the district and issuance of the bonds. Appellant saw the published notice, and, discovering that it was published that thereby jurisdiction might be obtained of all parties interested, and feeling that he was one of those parties, proceeded to file an answer in order that he might test the legality, the validity, and the constitutionality of every act of the commissioners' court and every act of the Leg-

islature bearing upon an issuance of bonds to construct, purchase, and acquire reservoirs, dams, levees, wells, canals, and waterways for the purposes of irrigation.

The statement of facts shows a full and complete compliance with the law as to the petition for election, election order, return and affidavit of publisher, election returns, order canvassing returns and declaring results, order authorizing issuance of bonds, statement of taxable values of the county, and all other details required by law. This regularity is evidenced by the fact that the Attorney General made a careful examination of all the proceedings as required by article 5107—62, complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, and filed an answer tendering the issue as to whether such bonds were legal. That issue was tried, and judgment entered upon the finding on the issues.

There is quite an elaborate statement of the nature and result of the suit in the brief of appellant, most of which has nothing in the statement of facts to support it. The assumption seems to prevail upon the part of appellant that whatever he alleged must be taken as true, although not upheld by testimony. Appellant introduced no testimony. He made no effort to introduce any testimony, not even verifying by his affidavit the allegations which are stated as facts.

In article 5107—63, Compete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, it is provided that upon the trial of the issues, if the judgment of the district court is adverse to the district, the latter may accept the judgment, and the error may be corrected as directed by the court, and judgment rendered accordingly. It is also provided that the final judgment, when made—

"shall be received as res adjudicata in all cases arising in connection with the collection of said bonds or any interest due thereon * * * and as to all matters pertaining to the organization and validity of said district."

Article 5107—64 provides for making an entry of the judgment of the district court, and enjoins the duty upon the clerk to make a certified copy of the judgment and to file the same with the comptroller of public accounts, who shall record the same in a book kept for that purpose, and a certified copy of such record made by the comptroller shall be received in evidence in all litigation affecting the validity of the bonds. There is nothing in the act indicating that any appeal from such decree is contemplated, but, on the other hand, it is evident that it was the intention of the Legislature to have a final determination of all issues as to the validity of the bonds in the district court. However, in the absence of an express provision denying the right to appeal from the judgment of the district court, we have considered this appeal.

[1] Appellant was allowed to intervene in

the suit, in his own behalf, but not in behalf of 130 citizens he claimed to have the authority to represent, although their names were not disclosed. The statutes permitted the intervention of appellant in his own behalf, but, not being an attorney at law, he had no right or authority to represent men whose right to appear in the suit rested upon his assertion alone. Their names are a profound secret. Appellant was denied of no right given him by the statute. The first assignment of error is overruled.

· [2] The record fails to show that appellant offered any testimony to show that there was no great public calamity in Hidalgo county that would justify an exemption from state taxes, and, if he had, the court would have been justified in excluding such testimony. The Legislature alone had the authority to decide the matter, and, having decided that the emergency existed, no court could assail such determination. Railway v. State, 75 Tex. 356, 12 S. W. 685. The Constitution permits the Legislature to release counties, cities, or towns from payment of taxes levied for state or county purposes in case of great public calamity, and to the Legislature alone is confided the power of deciding if such public calamity exists. The second assignment of error is overruled. It was never intended that the propriety of such legislation should be the subject of investigation and attack by an individual.

Appellant filed answers covering over 50 pages of the record, and there is nothing in the record to indicate that he was denied the privilege of appearing under his original answer. The judgment recites, and that recital is not assailed by appellant, that he "appeared in person, and answered, adopting the answer of the Attorney General as his answer." That answer was a general demurrer and general denial. In addition to that, appellant filed an amended answer covering 30 pages of the record. He made no effort to introduce any evidence, and of course the privilege of introducing evidence was not denied. There is no order in the record showing that any exception was sustained to the pleadings of appellant.

The first bill of exceptions consists of objections to nine different matters that the court did or did not perform, neither of them having any connection with the other, and presenting nothing tangible upon which an appellate court could act. After the filing of the bill of exceptions in September, 1924, which we call the first, appellant, on December 15, 1924, filed another bill of exceptions, which he calls the first bill of exceptions, in which he states that the court had refused to permit him "to appear on his own behalf" 'and some 135 undisclosed persons, and in which he seems to object to being called an "intervener." The court did permit appellant to appear and participate

in the trial of the issues made by the Attorney General. Those issues demanded of appellee proof of everything necessary to establish the validity of the bond issue, and denied no right to appellant to assail such validity in any legal manner. The third, fourth, fifth, and sixth assignments are overruled.

[3] The laws under which the bonds were issued are general and not special, and they are plain, unambiguous, and not obnoxious to any provision of the Constitution.

The judgment is affirmed.