

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 30, 1947

Hon. Claud Gilmer, Chairman
Appropriation Committee
House of Representatives
50th Legislature
Austin, Texas              Opinion No. V-172

                           Re:  Constitutionality of H.B.
Dear Sir:                       No. 779, 50th Legislature.

          We refer to your letter of April 23, 1947,
wherein you advise that the House Appropriations Com-
mittee has under consideration the matter of making
an appropriation of $30,000 for the relief of the Cen-
terville Common School District No. 42, in Trinity
County, Texas.  The proposed House Bill No. 779, as
amended, recites that the school building of that dis-
trict and its facilities have been totally destroyed
by fire, the insurance recovered from the destruction
being wholly inadequate for the replacing of same, the
property values of the district renders it impossible
for the tax payers to increase the bonded indebtedness
in an amount sufficient to replace said school, and
that the sum which can be raised by the district to-
gether with the insurance monies recovered by the dis-
trict are wholly insufficient for the replacing of said
school district.  Said bill also contains the following
public calamity clause:

          "Section 1.  The destructive and disast-
     rous fire that occurred on or about March 17,
     1947, and which resulted in the complete des-
     truction of the school building of Centerville
     Common School District No. 42, Rural Route 1,
     Groveton, Trinity County, Texas, is hereby
     found and declared to be a great public calam-
     ity in such school district, as to require
     and authorize the expenditure of public funds
     for the purpose of aiding and assisting the
     population of said school district in the re-
     placing of said school house; and there is
     hereby appropriated out of the General Revenue
     Fund of the State, not otherwise appropriated

the sum of Thirty Thousand ($30,000.00) Dollars, or so much thereof as may be necessary, for the purpose of assisting said Centerville Common School District No. 42 at Groveton, Trinity County, Texas, in constructing a school building and equipping the same."

You ask to be advised concerning the constitutionality of the proposed bill.

Article III, Section 56, Constitution of Texas, provides, in part, as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing . . . the building or repairing of school houses, and the raising of money for such purposes."

Article III, Section 51, Constitution of Texas, provides, in part:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public money to any individual, association of individuals, municipal or other corporations whatsoever; . . . and provided, however, that the provisions of this section shall not be construed so as to prevent the grant of aid in cases of public calamity."

In Opinion No. V-111, this Department advised that Article III, Section 56, Article VI, Section 3, of the Constitution, and the enabling legislation provided in Article 2784e, 2786 and 2788, V. C. S., contemplate that the school districts of Texas, when financially capable of doing so, should erect and bear the expense of the erection of their own school buildings and facilities, and that the Legislature, except in cases of public calamity coming within the exception of Article III, Section 51, of the Constitution, is without authority to make an appropriation for the construction of common or independent district school buildings or facilities. In that opinion, we were considering H. B. 60 of the 50th Legislature, which contained no recitations of public calamity, and in that respect H. B. 60 and our Opinion V-111 are clearly distinguished from the present H. B. 779 and this opinion.

Under the provisions of the proposed House Bill No. 779, as amended, there is an expressed legislation declaration and finding that the disastrous fire which resulted in the complete destruction of the school building of Centerville Common School District No. 42 is a great public calamity in such school district, and that the property values in said district render it impossible for the tax payers thereof to increase the bonded indebtedness in an amount sufficient to replace such school.

In Martin vs. Hidalgo County, 271 S. W. 436, writ dismissed, wherein was considered a public calamity enactment coming within the provisions of Article VIII, Section 10, of the Constitution, it was held that the Legislature alone has the authority to decide the public calamity matter, and, having decided that the emergency existed, no Court could assail such determination; that the Constitution permits the Legislature to grant aid in cases of public calamity to subdivisions of the State government, and that to the Legislature alone is confided the power of deciding if such public calamity exists. It was never intended that the propriety of such legislation should be the subject of investigation and attack by an individual. On the other hand, it has been held that a Court may go behind a legislative finding or declaration of public calamity in those cases where as a matter of law the facts found or considered by the Legislature do not constitute a "public calamity". Jones vs. Williams, 45 S. W. (2d) 130.

Under a former administration, this Department held in Opinion No. 0-941, June 12, 1939, that a similar Bill to replace a school house destroyed by storm was authorized under the public calamity clause of Sec. 51 of Article III of the Constitution as an exception to the provisions of Sec. 56 of Article III.

Our Opinion No. V-111 holds that only in cases of public calamity can the Legislature make an appropriation, and even then there is still the question of whether its enactment by special law violates Sec. 56 of Article III of the Constitution. Frankly, this office is sharply divided on two questions relating to the constitutionality of H. B. 779, and they are as follows:

1. Whether, as a matter of law, the burning of a single school house can constitute a public calamity within the meaning of Sec. 51, Art. III?

2. Even if such facts could constitute a public calamity, do they constitute an exception to Sec. 56, Art. III, forbidding special Acts for rebuilding and financing school houses?

The courts have not passed on these exact questions, and in view of the division of opinion within our own office on the subject, we elect to follow the former opinion of this Department (O-941) and the Legislative interpretation placed on these provisions of the Constitution in at least thirteen instances. See: Acts 1929, 41st Leg., 2nd C S., S. B. 195, Acts 1929, 41st Leg., 3rd C. S., H. B. 6; Acts 1931, 42nd Leg., 2nd C. S., S. B. 8; Acts 1931, 42nd Leg., 3rd C. S., S. B. 11, S. B. 12 and H. B. 62; Acts 1935, 44th Leg., R. S., S. B. 510, H. B. 763, S. B. 309, S. B. 50, H. B. 888, and H. B. 576; Acts 1941, 47th Leg., R. S., H. B. 963.

In those instances, the 41st, 42nd, 44th and 47th Legislature passed similar Bills for the rebuilding of school houses destroyed by fire, storm, hurricane, earthquake, etc. Departmental and Legislative interpretations of constitutional provisions are always given due consideration by the courts, and doubts are resolved in favor of the constitutionality of an Act of the Legislature.

Based upon such previous constructions, we find that H. B. 779, if enacted as amended, would not violate the provisions of the Constitution of Texas.

## SUMMARY

Based upon former Departmental and Legislative interpretations, H. B. No. 779, 50th Leg., a special law providing an appropriation for the erection of a school house for the Centerville Common School District No. 42, Trinity County, if enacted as written, with Legislative finding of "public calamity"

(fire) causing destruction, would not be
unconstitutional. Sec. 51, Art. III, Tex-
as Constitution; Opinion No. 0-941, June
12, 1939, distinguished from Opinion No.
V-111.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED APR. 30, 1947

*Price Daniel*

ATTORNEY GENERAL

CEO:djm:mrj

Enclosures